[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
APPLICATION TO CONFIRM ARBITRATION AWARD
In this proceeding the plaintiff, Thomas F. Browne, seeks to confirm an arbitration award against the named defendant, Jack's Chevrolet-Oldsmobile-Pontiac, Inc.
Plaintiff alleges that plaintiff and the defendant entered into a written agreement providing for arbitration of disputes arising therefrom. The agreement is annexed to the Application. See Exhibit A. A dispute between the parties arose. Plaintiff submitted the controversy to arbitration. The arbitrator made a written award in plaintiff's favor. The award was attached to the Application. See Exhibit B.
This matter appeared on the short calendar for Monday, March 14, 1994. The defendant, Jack's Chevrolet-Oldsmobile-Pontiac, Inc., filed an appearance on March 14, 1994. Both parties appeared by counsel. At that short calendar proceeding, defendant's counsel stated that neither the agreement (Exhibit A) or the award (Exhibit B) identified the named defendant, Jack's Chevrolet-Oldsmobile-Pontiac, Inc. as a party.
"Jack's Chevrolet-Oldsmobile-Pontiac, Inc." does not appear in either document, i.e. Exhibit A or Exhibit B.
Exhibits A and B does contain the name "Jack's Chev Old" whose address appears to be "So. Main Street Colchester." It appears to have been signed by Frank L. Collins as President. The award, Exhibit B, names "Jack's Chevrolet" as the party against whom the award was made.
It appears from the materials submitted by the plaintiff that "Jack's Chev-Olds," "Jack's Chev-Olds, Colchester," and the named CT Page 3070 defendant, Jack's Chevrolet-Oldsmobile-Pontiac, Inc. are most probably the same entity. Their addresses are similar. Frank L. Collins, who plaintiff claims filled out the agreement, Exhibit A, and who signed it as president is the president of the named defendant. From the materials submitted by the plaintiff, it does appear that jack's Chevrolet-Oldsmobile-Pontiac, Inc. was the true party to the underlying agreement and the arbitration award.
The named defendant, Jack's Chevrolet-Oldsmobile-Pontiac, Inc. has filed no papers which even raise a contest as to the identity issue. Furthermore, at the court hearing on March 14, the named defendant's counsel did not explicitly state that Jack's Chevrolet-Oldsmobile-Pontiac, Inc. was not the actual party to the underlying agreement and the award.
As noted, the named defendant, Jack's Chevrolet-Oldsmobile-Pontiac, Inc., did file an appearance on March 14. It was on the court's printed Appearance form. Form JD-CL-12 Rev. 3-92. The form was completed in handwriting; the court presumes this was done by defendant's counsel. The line or space which reads: "The following Defendant(s) only: ____________________" was checked. "Jack's Chevrolet-Oldsmobile-Pontiac, Inc." was entered in the space provided. Curiously, in the line or space for designating the name of the case, or the case caption, "Jack's Chev" is entered as the name of the defendant. This is at least implicit acknowledgement that "Jack's Chev" is a synonym for "Jack's Chevrolet-Oldsmobile-Pontiac, Inc.," at least in the mind of defendant's counsel.
The court is inclined to grant the application to confirm the arbitration award. However, out of an abundance of caution, the named defendant is ordered to notify the court and opposing counsel if it intends in bona fide to contest in an evidentiary hearing the fact that the named defendant, Jack's Chevrolet-Oldsmobile-Pontiac, Inc. was not the true party to the underlying agreement (Exhibit A) and the arbitration award (Exhibit B). Such notification shall be filed with court by 1:00 p.m. on March 31, 1994. If the defendant does not so notify the court, the application to confirm the award shall be granted on that day. In the event the named defendant wishes to dispute its being the actual party to the underlying agreement, etc., it shall file along with the notice of its intent to contest, a statement detailing the evidence it intends to introduce to support its position. At the least, this must include a list of the names, addresses, and positions of the witnesses it intends to call; a brief summary of the testimony expected from CT Page 3071 each witness; and a list describing each exhibit it intends to introduce. A copy of each such exhibit shall be furnished to opposing counsel, but not the court, within the same time period.
If an evidentiary hearing is required, it will be held forthwith.
Parker, J.
A: JACK'S TFP
CT Page 3071